**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **LISA SMITH** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 2:20-cv-303** |
| | § | |
| **HOUSING AUTHORITY OF THE CITY** | § | |
| **OF CORPUS CHRISTI *d/b/a* CORPUS** | § | |
| **CHRISTI HOUSING AUTHORITY** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

    **NOW COMES** Lisa Smith, (hereinafter "Plaintiff" or "Smith"), filing this, her *Plaintiff's Original Complaint* against her former employer, the Housing Authority of the City of Corpus Christi *d/b/a* Corpus Christi Housing Authority (hereinafter "Defendant" or "CCHA"), showing in support thereof as follows:

**JURISDICTION AND VENUE**

1.    In this action, Plaintiff is alleging violations of the Family Medical Leave Act of 1993 ("FMLA") and that Defendant has denied Plaintiff her rights as guaranteed by the Constitution and laws of the United States of America and/or the State of Texas.

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(3) (civil rights). This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear the state claims that will be set forth in this complaint. Venue is proper in the Southern District of Texas, Corpus Christi Division, as this is the district where the claim arose in accordance to 29 U.S.C. § 1391(b).

**PARTIES**

3.    Plaintiff is a resident of Nueces County, Texas.

4.     Defendant, CCHA is a governmental agency doing business in Texas, and may be served with process by serving its Chief Executive Officer, Gary Allsup, at 3701 Ayres St., Corpus Christi, Texas, 78415.

## FACTS

5.     Whenever, in this complaint it is alleged that any Defendant and/or person employed by Defendant did any act, thing, and/or omission, it is meant that Defendant and/or Defendant's officers, agents, servants, employees or representatives did such act, thing and/or omission and that at the time it was done with full authorization and/or ratification of Defendant.

6.     Plaintiff has been employed with CCHA since (on or about) April 20, 2017, where she was first employed as an HR Specialist and later promoted to HR Officer. At the time of her termination, Plaintiff's direct supervisor was Brian Bray who is currently the Vice President of Administrative Support.

7.     On or about August 26, 2020, Plaintiff began feeling ill and was experiencing medical symptoms affecting her overall well-being. Specifically, Plaintiff was experiencing nausea, hip/leg pain, neck pain, headaches, eye sensitivity, stress and anxiety. She was also experiencing depression and as a result Plaintiff was overly emotional and crying at work, which Bray witnessed. As such, Plaintiff explained to Bray she was ill and unable to perform the essential functions of her job and, therefore, requested sick leave and immediately contacted her doctor.

8.     After being out for three days, on Monday, August 31, 2020, Plaintiff was able to get in to see her doctor and she communicated such to Bray in a text message early that morning.

9.     At her appointment, Plaintiff's doctor determined that Plaintiff needed to be placed on FMLA/medical leave which was done retroactively to Plaintiff's first day out, beginning on August 26, 2020, and lasting through September 15, 2020.

10.    Following Plaintiff's doctor's appointment, on or about 2:59 p.m. (the same day), Plaintiff sent Bray an e-mail with her doctor's note attached and explained she would provide any necessary FMLA paperwork. Plaintiff also began preparing her FLMA paperwork but unfortunately was not given the opportunity to submit it.

11.    About two hours after Plaintiff sent that e-mail to Bray, at 5:04 p.m., Plaintiff received an email back with a letter of separation of employment, terminating her employment as of 5:00 p.m., on August 31, 2020.

12.    Plaintiff was told she was being fired for an old Facebook post where she – like most Americans – expressed feelings of underappreciation at work.

### FIRST CLAIM FOR RELIEF:
### VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT
### INTERFERENCE & RETALIATION

13.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full. Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. § 2611(a)(i)(ii).

14.    Plaintiff requested leave from Defendant, her employer, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i). Plaintiff had at least 1,250 hours of service with the Defendants during her last full year of employment.

15.    Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work

weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

16.   Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on an intermittent or block basis.

17.   Plaintiff alleges Defendant's unlawful actions in taking adverse actions against Plaintiff for requesting and/or taking leave for her own serious health condition, that made Plaintiff unable to perform the essential functions of her job, violates the Family and Medical Leave Act, justifying an award, *inter alia*, of back pay, front pay, interest, benefits, special damages, expenses, compensatory damages, liquidated damages, and punitive damages against Defendant.

## SECOND CLAIM OF RELIEF:
## VIOLATIONS OF THE UNITED STATES CONSTITUTION/42 U.S.C. §1983

18.   While such is not a requisite for liability against Defendant given the direct unconstitutional actions of Defendant, Plaintiff pleads that Defendant maintains a pattern and practice of depriving persons, including Plaintiff, of their rights secured by the First (as secured and/or applicable to the instant entity by and through the Fourth and/or Fourteenth) Amendment to the United States Constitution.

19.   Plaintiff further pleads that Defendant retaliated against her in violation of the First Amendment to the United States Constitution because she engaged in free for the purpose of expressing, promoting, pursuing, and defending interests. Plaintiff avers that her free speech and free association was a motivating or substantial factor in Defendant's retaliatory conduct toward her.

20.   Plaintiff pleads that Defendant, under color of statute, ordinance, regulation, custom, or usage, subjected, or caused to be subjected, Plaintiff to the deprivation of her rights, privileges, and immunities secured by the Constitution and laws and that Defendant

retaliated against her in violation of the First Amendment to the United States Constitution because she engaged in protected speech.

21.   More specifically, Defendant retaliated against Plaintiff as set forth in Plaintiff's Statement of Facts because she exercised her right to free speech. Defendant, by operation of its customs, policy statements, ordinances, regulations, or decisions, permits, tolerates, and encourages a workplace atmosphere where rights to free speech, free association and/or the right not to participate in same are suppressed and stigmatized.

<u>**DAMAGES**</u>

22.   As a result of the foregoing unlawful and wrongful acts of Defendant, Plaintiff has been caused to suffer general damages which include but are not limited to the following:  both physical and emotional injury, including but not limited to pain and suffering, emotional and mental distress, and personal humiliation and shock. Said injuries have caused Plaintiff to incur special damages.

23.   Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988, a prevailing party in a §1983 case is entitled to recover his attorney's fees.  Hence, Plaintiff further prays for all costs and attorney fees associated with bringing the present case to trial.

24.   Plaintiff also pleads for the following:

    a.   An award in the amount of all liquidated damages and penalties as provided under the FMLA;

    b.   An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims;

    c.   Compensation for all reasonable damages suffered by Plaintiff, including, but not limited to, past and future wages and other compensation, in an amount to be

determined upon inquest;

d.  Compensation for compensatory and punitive damages, in an amount to be determined upon inquest;

e.  Pre-judgment and post-judgment interest, at the maximum rate permitted by law;

f.  All costs of court expended in this lawsuit;

g.  Reasonable and necessary attorney's fees;

h.  A mandatory injunction reinstating Plaintiff's employment and employment benefits, retroactive to fees retroactive to the date of Plaintiff's termination.

i.  A mandatory injunction forbidding Defendant from violating rights secured by the Family and Medical Leave Act; and

j.  Such other and further legal relief, either at law or equity, to which Plaintiff may be justly entitled.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon final trial on the merits, she recover judgment against Defendant any and all other general or specific relief to which she proves herself justly entitled.

Respectfully submitted,

GALE LAW GROUP, PLLC
711 N. Carancahua St., Suite 514
Corpus Christi, Texas 78401
Mailing Address:
P.O. Box 2591
Corpus Christi, Texas 78403
Phone Number: 361-808-4444
Fax Number: 361-232-4139

 BY: */s/ Amie Augenstein*
Amie Augenstein
*Attorney-in-Charge for Plaintiff*
Texas Bar No. 24085184
Southern District Bar No. 2236723

6

Amie@GaleLawGroup.com

_/s/ Christopher J. Gale_____
Christopher J. Gale
*Attorney for Plaintiff*
Texas Bar No. 00793766
Southern District Bar No. 27257
Chris@GaleLawGroup.com

## **Demand for Jury Trial**

Plaintiff hereby demands trial by jury pursuant to Fed.R.Civ.P. 38(b).